OPINION
{¶ 1} Defendant-appellant, Richard Cochrane, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief under R.C. 2953.21. Because defendant's petition is untimely, the trial court properly denied it.
 {¶ 2} By indictment filed on June 29, 2001, defendant was charged with one count each of aggravated murder, murder, aggravated robbery, tampering with evidence, and receiving stolen property. The state requested a nolle prosequi on counts of the *Page 2 
indictment charging tampering with evidence and receiving stolen property. Pursuant to jury verdict, defendant was found guilty of murder and not guilty of aggravated murder and aggravated robbery. Following sentencing, defendant appealed, and this court affirmed the trial court's judgment. State v. Cochrane, Franklin App. No. 01AP-1440, 2002-Ohio-4733. Defendant's motion for delayed appeal was denied in the Supreme Court of Ohio. State v. Cochrane, 100 Ohio St.3d 1430,2003-Ohio-5396. Because defendant's post-conviction filings are intertwined in his assigned errors, we address these filings in some detail.
 {¶ 3} On November 7, 2003, defendant filed his first petition for post-conviction relief under R.C. 2953.21, contending he received ineffective assistance of counsel regarding DNA testing. Less than one month later, on December 1, 2003, defendant filed an application for DNA testing. The trial court denied both the petition for post-conviction relief and the application for DNA testing. Defendant did not appeal from the trial court's judgment.
 {¶ 4} On May 19, 2004, defendant filed a second application for DNA testing; the trial court denied it on June 11, 2004. On July 6, 2004, defendant filed a second petition for post-conviction relief, again asserting ineffective assistance of counsel. Defendant contended his conviction was constitutionally infirm because (1) his attorney failed to introduce evidence that would have cast reasonable doubt about the state's key witness, Melvin Fields, and (2) his attorney failed to properly use the coroner's report to defendant's advantage. The trial court denied the petition on August 31, 2004, concluding it was not timely, asserted no constitutional claim, and was barred by res judicata. On October 18, 2004, defendant filed yet another application for DNA testing, which the trial *Page 3 
court denied on December 22, 2004. Defendant appealed from none of the three judgments.
 {¶ 5} On May 10, 2006, defendant filed his third petition for post-conviction relief, asserting he was entitled to relief due to prosecutorial misconduct that "occurred whereby the State of Ohio knowingly suppressed evidence material to either guilt or punishment regarding a promise [to] Melvin Fields in exchange for his testimony, and the Court abused its discretion in allowing his testimony as evidence * * *." Defendant received a court-appointed attorney, who moved the court to release the DNA profile of co-defendant Fields, then incarcerated at Noble Correctional Institution. On August 8, 2006, the trial court granted defendant's motion.
 {¶ 6} The Ohio Bureau of Criminal Investigation and Identification ("BCI") moved the court to vacate the order releasing Fields' profile, contending BCI was legally prohibited under Section 14132, Title 42, U.S. Code and R.C. 109.573(B)(2) from releasing such information. On September 13, 2006, the state also moved the court to vacate its August 8, 2006 entry. The day before a scheduled hearing, defendant requested the court to direct BCI to compare the results of DNA testing with evidence found at the crime scene, the combined DNA index system, and any additional DNA profiles BCI collected from inmates then in custody of the state of Ohio.
 {¶ 7} On October 6, 2006, the trial court filed an entry vacating its August 8, 2006 order directing BCI to release Fields' DNA profile to defendant's attorney. BCI filed a memorandum opposing defendant's motion for DNA comparison. On January 29, 2007, the court filed a decision and entry denying defendant's motion for DNA comparison. Defendant did not appeal from either judgment. *Page 4 
 {¶ 8} On March 29, 2007, the state renewed its motion to dismiss defendant's third petition for post-conviction relief. In responding to the state's motion, defendant noted the blood evidence collected at the crime scene from items other than the murder weapon did not match the DNA of the victim, defendant, or the individual who found the victim's body. Because Fields' DNA was not tested or compared against the blood evidence, defendant argued the trial court should grant his petition. To excuse the untimeliness of his petition, defendant contended he was unavoidably prevented from discovering such information. On July 23, 2007, the trial court denied defendant's third petition for post-conviction relief. Defendant appeals, assigning three errors:
 I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL STIPULATED WITH THE STATE THAT NO BLOOD FOUND AT THE SCENE BELONGED TO ANYONE OTHER THAN THE VICTIM AND FAILED TO REQUEST A DNA COMPARISON OF THE CO-DEFENDANT AND BLOOD EVIDENCE.
 II. THE STATE FAILED TO DISCLOSE POTENTIALLY EXCULPATORY EVIDENCE BY NOT TESTING OR TURNING OVER CO-DEFENDANT'S DNA PROFILE FOR COMPARISON AGAINST BLOOD EVIDENCE FROM AN UNKNOWN DONOR FOUND AT THE SCENE.
 III. THE STATE COMMITTED PROSECUTORIAL MISCONDUCT WHEN PROSECUTORS REPRESENTED TO THE COURT THAT NO BLOOD WAS FOUND AT THE SCENE THAT DID NOT BELONG TO THE VICTIM.
Because defendant's three assignments of error are interrelated, we address them jointly.
 {¶ 9} A petition for post-conviction relief in Ohio is a statutorily created remedy set forth in R.C. 2953.21 and designed to provide an avenue to correct a violation of a defendant's constitutional rights in his criminal trial. The post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. *Page 5 Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means by which the petitioner may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for post-conviction relief is thus not intended to provide a defendant with a second opportunity to litigate his conviction.State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 10} Pursuant to R.C. 2953.21(F), "[a]t any time before [an] answer or motion is filed, [a] petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter." R.C.2953.21(A)(4) requires a petitioner to "state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner." Except as provided in R.C. 2953.23, inapplicable here, "any ground for relief that is not so stated in the petition is waived." Id.
 {¶ 11} While defendant interspersed his petitions for post-conviction relief with his separate applications for DNA testing, his third petition was not based on DNA evidence. Nor did he amend his petition to include the DNA arguments he now raises on appeal. Pursuant to R.C.2953.21(A)(4), defendant waived the grounds he asserts on appeal when he failed to amend his petition in the trial court to include them.
 {¶ 12} Defendant's arguments on appeal fail for other reasons; we address one of them. Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.21(A)(1) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the *Page 6 
judgment of conviction or adjudication." R.C. 2953.21(A)(2). Defendant's trial transcript was filed in his direct appeal on January 29, 2002. His motion, however, was not filed until June 28, 2006, well outside the time limits imposed under R.C. 2953.21(A)(2).
 {¶ 13} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation, and defendant premises his claim on that right. R.C.2953.23(A)(1)(a). If defendant satisfies either of those two conditions, he also must demonstrate that but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).
 {¶ 14} Here, defendant points to no newly recognized federal or state law under R.C. 2953.23(A)(1). Rather, he suggests he was prevented from discovering the facts underlying his contentions that the failure to compare the DNA evidence from the crime scene to Fields' DNA violated his constitutional rights. Apart from his failure to amend his petition to include his DNA argument, defendant suggests no valid reason he was unable to pursue his claim earlier. While defendant contends the state resisted his efforts, the state's resistance under these circumstances does not render defendant's petition timely: defendant had at his disposal immediately after the trial all of the information that he currently relies on to support his request for relief. Because defendant cannot satisfy either of the exceptions to the R.C. 2953.21 requirement that petitions be timely filed, the trial court lacked jurisdiction to consider defendant's petition and properly granted the motion to dismiss. *Page 7 
 {¶ 15} For the foregoing reasons, defendant's three assignments of error are overruled and the judgment of the trial court dismissing defendant's petition for post-conviction relief is affirmed.
Judgment affirmed.
 KLATT and TYACK, JJ., concur. *Page 1